William P. Douglas, Executor, etc., Respondent, *v.* Eliza L. C. Cruger, Impleaded, etc., Appellant.

The Supreme Court has not the power to destroy a valid trust.

In 1837 defendant E. was the owner in fee of certain lands. She was then a minor, a ward in chancery, and about to be married to defendant J. Prior to the marriage J. executed a marriage settlement, by which he agreed to convey to N., as trustee, the interest in all the real estate of E. which, on such marriage, he might or would be entitled to, in trust, to receive the rents and profits and apply them to her use during their joint lives ; if she should die before him then the remainder to go to her children, etc. Upon petition to the chancellor the marriage and settlement were approved, and soon after the marriage a deed was executed by J. to N., as provided. In November, 1848, on the certificate and order of a justice of the Supreme Court, N. executed a deed purporting to convey to E. all the interest, etc., so conveyed to him. In 1857 E. and her husband executed a mortgage upon said lands. N. died in 1868, and no trustee was appointed in his place. In an action to foreclose the mortgage these facts appeared, also that E. and J. had children living born of their marriage. *Held,* that the mortgage covered all the interest in the lands which E. and J. had the right to convey at the time it was executed ; that E. then owned the fee, subject to the life estate of her husband, which passed under the trust deed to N. ; that the trust was valid and was not extinguished by the conveyance by N., as that conveyance was void ; but upon his death it vested under the statute in the Supreme Court (1 R. S., 728, §§ 55, 63, 65) ; and that such conveyance was not validated by the order of the Supreme Court.

Also, *held,* that the act of 1848 "for the more effectual protection of the property of married women" (chap. 200, Laws of 1848) gave the court no authority to sanction such a conveyance ; and that the provision in the act of 1849 (chap. 375, Laws of 1849) conferring that authority did not affect it, as the deed was executed prior to the passage of that act.

The mortgage contained no covenant of title or representation that E. owned the absolute fee. *Held,* that she was not estopped thereby from showing precisely what her interest in the land was.

*It seems,* that she could not be estopped from asserting that her mortgage, so far as it could effect her trust interest, was in contravention of the statute.

(Argued January 19, 1880 ; decided January 27, 1880 )

Appeal from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment

in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts appear in the opinion.

*C. Frost*, for appellant. The trust and interest vested in the appellant by the deed executed by her husband to her trustee are inalienable. (1 R. S., 728, § 55, sub. 3; id. 730, §§ 63, 65; id., 725, § 36; *Watson* v. *Bonney*, 2 Sand. Superior Ct. R., 405; *L'Amoreaux* v. *Van Rensselaer*, 1 Barb. Ch. R., 34; *Grout* v. *Van Schoonhoven*, 1 Sand. Ch. R., 336; *Noyes* v. *Blakeman*, 2 Seld., 567; *Rathbone* v. *Hooney*, 58 N. Y., 463; *Scott* v. *Davis*, 4 Myl. & Cr., 187; *Baggett* v. *Meux*, 1 Phil., 687; *Harnett* v. *McDougall*, 8 Beav., 87.) The order of the Special Term of November, 1878, directing the trustee to convey to Mrs. Cruger does not aid the plaintiff. (*Kane* v. *Gott*, 24 Wend., 666, 667; *Cruger* v. *Jones*, 18 Barb., 467.)

*J. W. Gerard*, for respondent. Plaintiff is entitled to a foreclosure and sale of the estate of the appellant at the time of the mortgage. (*Wood* v. *Seely*, 32 N. Y., 105; *Jackson* v. *Bull*, 1 John. Cases, 81, 90, 91; *Miller* v. *Avery*, 2 Barb. Ch., 582, 595; *Banks* v. *Walker*, 3 Barb. Ch., 449.)

EARL, J. This is an action to foreclose a mortgage, and the principal facts are as follows: The mortgaged land in 1837 was owned in fee by the defendant Eliza, who was then a minor about to be married to the defendant John P. Cruger. Prior to the marriage he executed a marriage settlement, by which he agreed to convey to Nicholas Cruger, as trustee, the interest in all her real estate, which on such marriage he might or would be entitled to during their joint lives, or as tenant by the curtesy or otherwise, in trust to receive the rents and profits of such real estate and apply them to her separate use during their joint lives; and if she should die before him, then the remainder thereof on her death to go to her children and descendants by him, in such

manner as she should by will appoint, and in default of such appointment, then to them in such manner as they would take the real estate as heirs-at-law, if she should survive her husband. She was then a ward in chancery; and upon her petition to the chancellor by her next friend, the marriage and settlement were approved, and the conveyance by John P. Cruger to the trustee was directed to be executed upon the solemnization of the marriage. That was solemnized in December, 1837; and in January thereafter the conveyance was executed as directed, upon the trusts and terms mentioned in the settlement. Subsequently, in November, 1848, on the certificate and order of a justice of the Supreme Court, Nicholas Cruger, the trustee, executed a deed purporting to convey to the defendant Eliza, in fee simple absolute, all the right, title and interest in the land which had been conveyed to him upon trust, as above stated, by her husband. Thereafter, in 1857, she and her husband executed the mortgage which this action is brought to foreclose. Nicholas Cruger died in 1868, and no trustee has been appointed in his place. Mr. and Mrs. Cruger have children born of their marriage living.

The complaint is in the usual form for the foreclosure of the mortgage, and no reference therein is made to the trust or the trust deed. Mrs. Cruger appeared and answered, setting up the trust deed and the other facts above stated, except the conveyance by the trustee to her under the order of the court.

The cause was brought to trial at a Special Term, and the court found, among other facts not necessary now to be mentioned, the facts above stated. No adjudication was expressly made as to the trust, and it is not mentioned in the judgment, which is in the ordinary form for a foreclosure judgment, except that it provides that the land be sold "subject and without prejudice to the right, title and interest which the children of the defendant, John P. Cruger, and of his wife, the defendant, Eliza L. C. Cruger, may have in the premises mortgaged, if any."

It is claimed on the part of Mrs. Cruger that upon the facts as they appeared, the complaint ought to have been dismissed. We think otherwise. The mortgage covered all the interest in the real estate which she or her husband, or both of them, had the right to convey at the time it was executed. The trust, if in force, only pertained to the life estate of the husband, and subject to that, the fee was in the wife. Upon that fee, at least, the plaintiff's mortgage was a lien, and his right to foreclose that lien is undoubted. Hence the complaint could not properly have been dismissed.

But it is claimed on behalf of Mrs. Cruger that the judgment in this case is too broad, and that unless modified, it would cut off her rights under the trust created by the deed of her husband, which she claims was not extinguished by the conveyance to her by her trustee, as above stated. On behalf of the plaintiff it is claimed that the trust was extinguished, and that, in any event, Mrs. Cruger's rights and interest under the trust deed ought to be barred and are barred by this judgment.

We are of opinion that the trust was not extinguished, and that upon the death of the trustee, in 1868, it vested by virtue of the statute in the Supreme Court: (1 R. S., 730, § 68.) This was one of the express trusts authorized by statute (1 R. S., 728, § 55); and it is provided (§ 65) that when the trust shall be expressed in the instrument creating the estate (as it was here) "every sale, conveyance, or other act of the trustees in contravention of the trust, shall be absolutely void;" and in section 63, that "no person beneficially interested in a trust for the receipt of the rents and profits of land, can assign or in any manner dispose of such interest." The trustee, therefore, in this case could not destroy the trust by the conveyance to Mrs. Cruger, and she could not convey or mortgage her right to have the trust performed, which was really the only right she had in the estate conveyed to the trustee: (§ 60.) The trustee having no power to convey the land, his conveyance, otherwise absolutely void, could not be rendered valid by an order of the

court obtained upon the joint petition of himself and Mrs. Cruger. The Supreme Court has not the power to destroy a valid trust. The purpose of the statute was to make these trust estates and trust interests indestructible and absolutely inalienable during the existence of the trust; and if they could be rendered alienable by the order of the court, the whole scheme of the statute would be greatly impaired and its purpose thwarted. The statute does not confer upon the Supreme Court power to authorize such conveyances. In *Cruger* v. *Jones* (18 Barb., 467), a suit was commenced by the beneficiaries under a trust making the trustees defendants, praying, among other things, that they be ordered to unite with the plaintiffs in mortgaging the trust estate ; and the court held that it did not have authority to authorize a mortgage in contravention of the trust. ROOSEVELT, J. said : " If such a mortgage, then, by the trustees, however *bona fide*, on their own motion, would be ' absolutely void,' can this court by any previous judicial sanction, prevent that consequence which the statute has so positively attached to the act ? Large as its jurisdiction is, both in law and equity, I know of no such power, even in the Supreme Court, to dispense with the enactments of the Legislature, and make that valid which the law-giver has declared ' shall be void.' "

It is claimed, however, that the court had authority to sanction this conveyance, under " the act for the more effectual protection of the property of married women," passed in 1848. But there was nothing in that act conferring such authority. In the act, on the same subject, passed in 1849 (chap. 375 of the Laws of that year), there was a provision conferring such authority upon a justice of the Supreme Court. But the conveyance by the trustee in this case was prior to the passage of the last-named act, and that act can not, therefore, be invoked to uphold it.

The further claim is made that Mrs. Cruger is estopped by her mortgage from claiming any interest under the trust. The mortgage contained no covenant for title, and no representation that she owned the absolute fee to the land ; and

hence she was not estopped from showing precisely what her interest in the land was : (*Sparrow* v. *Kingman*, 1 N. Y., 242; *The Nat. Fire Ins. Co.* v. *McKay*, 5 Abb. Pr. [N. S.], 445.) Besides, she could not be estopped from asserting that her mortgage, so far as it could affect her trust interest, was in contravention of the statute. If she could be, the statute could be easily evaded, and its restrictions would be weak indeed.

It was suggested upon the argument that this trust for Mrs. Cruger is void, because not for her life. It is a trust for the joint lives of herself and her husband. If she dies first, it terminates with her death; if he dies first, it terminates with his death. Hence it is a trust to receive rents and profits, and apply them to her use during her life, or for a shorter term, and is therefore authorized by section fifty-five.

We conclude, therefore, that the trust was not destroyed by the conveyance to Mrs. Cruger by the trustee, and that it still exists in the Supreme Court. A new trustee may be appointed to execute the trust.

We do not determine that the judgment, in its present form, would cut off Mrs. Cruger's trust interest. It is sufficient that it is claimed that it would, and that the form of the judgment is such that it might give rise to controversy between a purchaser thereunder and Mrs. Cruger in reference to her trust interest, and that it might otherwise embarrass her. We think, therefore, that it should be modified so as to save all her rights under the trust deed, and the rights of any trustee appointed to execute the trust; and as so modified, affirmed, without costs of appeal to this court to either party.

All concur.

Judgment accordingly.