# UNITED STATES TRUST COMPANY OF NEW YORK, RESPONDENT, *v.* THEODORE M. ROCHE, AS TRUSTEE, ETC., APPELLANT, IMPLEADED WITH OTHERS.

*Trust estate — the court cannot direct a trustee to mortgage it —* 2 *R. S.* (6*th ed.*), 1110, *sec.* 78 *— parties interested in a trust fund should be made parties to an action to foreclose a mortgage thereon.*

In 1858 one Foster, in contemplation of his marriage with Anna S. Stagg, conveyed an undivided share or moiety of certain real estate to one Towne, in trust, from and after the marriage, to receive the rents and profits of said moiety of the said premises during the life of Anna S. Stagg, and to apply the same to her benefit free from the debts, control or management of Foster. The marriage took place, of which there was born a son, who is of full age, and is still living. In 1881, on the application of the trustee, Towne, an order was made at a Special Term directing him to execute and deliver a bond and mortgage on the trust property for an amount sufficient to pay one-half of the arrears of taxes and water rates and the interest thereon which had been permitted to accumulate since the year 1870.

Upon an appeal from a judgment of foreclosure of such mortgage, recovered in this action brought against the successor of the first trustee:

*Held*, that the mortgage was void as falling within the meaning of the provisions of section 78 of 2 Revised Statutes (6th ed.), 1110, declaring that "every sale, conveyance or other act of the trustees in contravention of the trust shall be absolutely void."

*Cruger* v. *Jones* (18 Barb., 467); *Douglas* v. *Conger* (80 N. Y., 15) followed.

That as the complaint was a simple and ordinary one for the foreclosure of a mortgage, and containing no allegation to the effect that the plaintiff had become subrogated through any equitable principle to the rights of the city of New York to enforce the liens for taxes upon the lands, evidence tending to show that the moneys received on the mortgage were devoted to the payment of prior taxes and assessments should not have been received.

That chapter 275 of 1882, empowering the Supreme Court to permit the mortgaging of real estate held by trustees had no retroactive effect.

That as the son was interested in the trust fund, being entitled to a portion of the proceeds to arise from the sale to be made by the trustee upon the death of his mother, he should have been made a party defendant to the action.

APPEAL by the defendant from a judgment, entered at a Special Term adjudging the foreclosure of a mortgage and directing a sale of the mortgaged premises.

*Edward W. Sheldon*, for the respondent.

*J. C. Bolton*, for the appellant.

MACOMBER, J.:

In November, in the year 1858, James A. Foster, in contemplation of marriage with Anna S. Stagg, entered into an agreement in writing with Charles H. Towne, party of the second part, and Anna S. Stagg, party of the third part, by which, in consideration of the intended marriage, Foster sold and conveyed to Towne and his successor and assigns the undivided share, moiety, estate and interest of the party of the first part in the premises known as Nos. 40, 42 and 44 Bond street and 43 and 47 Great Jones street, in the city of New York, in trust, from and after the marriage, to receive the rents and profits of the said moiety and share of said premises from time to time during the life of Anna S. Stagg, and to apply the same to her benefit, free from the debts, control or management of Foster. The marriage subsequently took place, of which there is now living a son, James Clinton Foster, who is of full age. On the 9th of September, 1881, on application of trustee Charles H. Towne, the Supreme Court at Special Term, by an order dated that day, directed the trustee, Charles H. Towne, to make, execute, acknowledge and deliver a bond and mortgage on the trust property for an amount sufficient to pay one-half of the arrears of taxes and water rates and the interest thereon, which had been permitted to accumulate since the year 1870.. The mortgage in question was given pursuant to such authority. The defendant Roche is the successor of trustee Charles H. Towne.

The answer puts in issue the validity of the mortgage and alleges that James Clinton Foster is a necessary party to the foreclosure. The marriage settlement provided that after the decease of the wife, the trust imposed upon the trustees should continue for the purpose of selling such moiety, and paying and dividing the purchase-moneys received therefrom among the lawful issue of the husband and wife.

If this trust mortgage has any validity whatever, and if it is sought by the foreclosure thereof to give the purchaser a good title at the mortgage sale, it is difficult to see why James Clinton Foster's rights should not be cut off. Being a remainderman, he was not only interested in the execution of the original trust, but personally interested in any incumbrance that the trustee might put upon the lands, whether in pursuance of the terms of the trust or otherwise. Unless

he be a party to this proceeding, he would at all times thereafter have the right and power to question the validity of the mortgage, and could not be debarred therefrom, except in an action for that purpose. Inasmuch, therefore, as the objection was distinctly taken by answer, we should feel constrained to reverse the judgment and grant a new trial, with the direction to bring in James Clinton Foster as a defendant, but in view of the determination to which we have arrived on the other branch of the case, the present rights of James Clinton Foster are perhaps of little moment.

The statute (2 R. S. [6th ed.], p. 1110, § 78) declares that where a trust shall be expressed in the instrument creating the estate, which is the case before us, " every sale, conveyance or other act of the trustees in contravention of the trust shall be absolutely void." In *Cruger* v. *Jones* (18 Barb., 467), which was an action to determine the validity of a marriage settlement, it was held that a mortgage, which is necessarily attended with a power of sale, was an act in contravention of the trust to hold the estate and receive the rents and profits from it, and pay them over from time to time to the designated beneficiary, and was consequently void. In that action, as in this, it was claimed and proved that the moneys realized by the giving of the mortgage were expended upon the estate for the benefit thereof, and for the benefit of the *cestui que trust*. In that case, as in this also, the mortgage was given under the direction and sanction of the court. The decision, however, was that notwithstanding the sanction of the court, the mortgage could not be enforced against the trust property. So, also, in the case of *Douglas* v. *Cruger* (80 N. Y., 15), where the action was to foreclose a mortgage made by the *cestui que trust*, after the trustee had conveyed to her, under the direction of the court, all her interest in the land, the parties assuming and believing that the trust itself had been extinguished. The court there say : " This was one of the express trusts authorized by statute (1 R. S., 728, § 55), and it is provided (sec. 65) that when the trust shall be expressed in the instrument creating the estate (as it was here), every sale, conveyance or other act of the trustees in contravention of the trust shall be absolutely void." The court also refers to another section of the statute which was applicable equally in this action as in

that (sec. 63), which declares that "no person beneficially interested in a trust for the receipt of the rents and profits of land can assign or in any manner dispose of such interest."

"The trustee, therefore, in this case, could not destroy the trust by the conveyance to Mrs. Cruger, and she could not convey or mortgage her right to have the trust performed, which was really the only right she had in the estate conveyed to the trustee. (Sec. 60.) The trustee having no power to convey the land, his conveyance, otherwise absolutely void, could not be rendered valid by an order of the court obtained upon the joint petition of himself and Mrs. Cruger. The Supreme Court has not the power to destroy a valid trust. The purpose of the statute was to make these trust estates and trust interests indestructible and absolutely inalienable during the existence of the trust; and if they could be rendered alienable by order of the court, the whole scheme of the statute would be greatly impaired and its purpose thwarted. The statute does not confer upon the Supreme Court power to authorize such conveyances." Under these authorities, notwithstanding the fact that all the money raised upon the mortgage was devoted to the payment of back taxes, the mortgage appears to us to be absolutely void and cannot be enforced. The learned judge, however, in the opinion below, bases his decision upon the fact that the moneys were so obtained and used for the purpose of discharging prior liens, which, as he says, could be enforced against the property. Very true; but enforced by whom? The liens could be enforced in all probability by the sale of the premises under the tax laws embraced in the consolidated act, but upon a sale thereof under such proceedings, there would be the valuable right of redemption which would not obtain under a sale upon this mortgage, if the mortgage is held to be good.

The evidence in this action, showing that the mortgage moneys were devoted to the payment of prior taxes and assessments, was duly and properly objected to. Under the complaint, which is a simple and ordinary one for the foreclosure of a mortgage, there is no allegation to the effect that the plaintiff had become subrogated through any imaginary equitable principle, to the rights of the city of New York to enforce the liens for taxes upon the property. The action was begun simply to foreclose the mortgage, and the relief which was demanded and the judgment which was given were for the

usual foreclosure and sale of the premises, and it was all done in accordance with the terms of the mortgage alone and not through any other consideration whatever, and the sole cause of action was a mortgage, too, which under the authorities already quoted and under the plain reading of the statute, was absolutely void. Under these circumstances no other equitable relief, even if it could be had in any other action, could be granted the plaintiff in this action.

We are not unaware that the legislature of the State, since this mortgage in question was given, has passed an act (chap. 275 of the Laws of 1882) by which section * 78 of the Revised Statutes, above mentioned, has been so changed that the Supreme Court now has the power, in a suitable and proper case, to permit the mortgaging of real estate for the purpose of preserving and improving the same. This act, however, can have no retroactive effect and the plaintiff's rights must be determined by the statutes as they existed at the time of the execution of the instrument.

If these views are correct, a new trial would not subserve any useful purpose to the plaintiff, and it follows, therefore, that the judgment should be reversed and judgment ordered for the defendant, with costs.

BRADY, P. J., and DANIELS, J., concurred.

Judgment reversed and judgment ordered for defendant, with costs.