Lawrence, J.
I am of the opinion that this motion should be denied, without costs. One who purchases at a *727 foreclosure or partition sale is entitled to a good marketable title, and should not be compelled to complete his purchase and accept a deed which leaves him to the uncertainty of a doubtful title or the hazard of a contest with other parties which will seriously affect the value of the property. Jordan v. Poillon, 77 N. Y., 518. A title which is open to reasonable doubt is not a marketable one, and the court cannot make it one by passing upon an objection depending on a disputed question of fact or a doubtful question of law in the absence of the party in which the outstanding right is vested. Fleming v. Burnham, 100 N. Y., 1. In this case, independently of the acts of 1882, chap. 275, and 1884, chap. 26, there certainly would have been no power vested in Sophia Iffla, the widow of Martin Ficken, under the will, to mortgage anything beyond her own interest in the property in question. Douglas v. Cruger, 80 N. Y., 15; United States Trust Co. v. Roche, 41 Hun, 549. By the will, she took a life estate in trust in that property, and nothing more. The remainder in fee was vested by the will in Martin Ficken, the son, which remainder was liable to be defeated in case he died without issue during his mother’s life. Upon the happening of that event, and upon the death of the mother, the gift to the brothers and sisters of the father would take effect. The brothers and sisters under the will, therefore, were vested with an expectant estate in the premises, from which it is extremely doubtful whether they could be divested by proceedings under any act of the legislature. Brevoort v. Grace, 53 N. Y., 245; Powers v. Bergen, 2 Selden, 358.
Whether they could be so divested or not, it is quite clear that the statute which gives the power to the trustee to mortgage must be strictly followed.
The statute provides that notice of at least eight days, of the application of the trustees for leave to mortgage should be given to the beneficiaries of the trust if they are within this state and are adults. Strictly speaking the ultimate remaindermen are not beneficiaries under the trust. If they are not to be so considered, then it seems clear that no rights which they have under the will can be affected by simply giving notice to the beneficiaries. If they are to be considered as beneficiaries of the trust, as these terms are employed in the statute, then, by the statute itself, they were entitled to notice, and, not having received it, no jurisdiction was acquired over them, and the order made at special term did not affect their interests. I do not think that making them parties to the foreclosure suit obviated this difficulty, or enabled the plaintiff to foreclose their rights. They had a right to assume that the court had only granted to Mrs. Ficken power to mortgage the trust interest in the estate, and that their interests would not be destroyed by a proceeding of which they had no notice and to which they were in no manner parties.
*728 The case, at all events, presents a doubtful point of law, and, as already shown, the authorities are clear that in such a case a purchaser should not be forced to complete his purchase.