Brady, J.
On the 11th of May, 1874, Augustus Em-bury, of this city, conveyed to Benjamin T. Kissam, Peter Augustus Embury and Clarence Ü. Embury certain property described in the deed upon trust to collect and apply the rents, issues and profits to the use of his wife, Sarah Elizabeth, and after her death to divide the estate into six equal parts, and to collect and apply net rents, issues and profits of each share to the use of the beneficiary to whom 3, share or part was given. It was declared as to each that upon his or her death the trust should cease and determine and the part should go to the lawful issue of each per stirpes and not per capita, but if no lawful issue were left, then it was to be divided between surviving brothers and sisters and the. lawful issue of any deceased brother or sister, share and share alike per stirpes and not per capita. It *562 was also provided as follows: I hereby authorize and empower the said trustees and their successor or successors, for the-.purpose of carrying out the trusts hereinbefore mentioned, or for any other purpose, to sell, lease for any period not exceeding twenty-one years, or mortgage, any of the real estate hereby conveyed at any time they may-see fit, and in case of sale to execute to the purchaser or purchasers good and sufficient conveyances, such sale or sales to be made either by private treaty or at auction, and to be for cash, or for part cash and part credit, as the trustees may deem most advantageous. The proceeds of any sale or sales to be invested in real estate, or on bond and mortgage, or in any securities the trustees may deem safe and advantageous, and to be held upon the trusts hereinbefore expressed. In case of the destruction, by fire or otherwise, of any building or buildings on any of the said real estate, then I authorize the said trustees to rebuild, and to that-end to borrow money on bond and mortgage.
“After the death of my said wife, Sarah Elizabeth, or during her life, if she shall consent, I authorize the- said trustees to terminate the trust as far as any son is concerned, and to convey to each son in their discretion an absolute estate in fee simple of one-sixth of said real estate.”
Mrs. Embury died April 8th, 1887, Clarence U. Embury died April 7th, 1885, and Pauline Q-attus nee Embury died May 19th, 1884, intestate, leaving an only child. Mrs. Em-bury left her surviving her children Peter Augustus, Alphonse, Emma, Arthur D., and a grandchild, the-daughter of Pauline. In November, 1881, the trustees and Mrs. Embury united in á deed conveying to Clarence U. and his heirs and assigns forever, one undivided sixth of all the real estate conveyed to them in trust by the deed already mentioned, “to have and to hold the same unto the said Clarence U. Embury, his heir and assigns forever, free, clear and discharged from the trust created by said' deed and subject only to the trust created for the life-time of Sarah E. Embury. This was done under the provisions of the deed of trust by ■which as we have seen the trustees- • were authorized to terminate the trust and to convey to each son, with his mother’s consent, an absolute estate in fee simple of one-sixth of the estate. Clarence U., however, as it will be remembered died before his mother without issue, and left a will by which he gave to his mother all he possessed, and appointed Mr. Kissam and Peter A. Em-bury his executors. It will have been noticed also that upon the death of any one of the beneficiaries the trust as to him or her ceased and determined, and the part went, at once to the issue, if any. After the death of Mrs. Embury, and on the 19th May, 1887, the trustees named in the deed *563 of Mr. Elnbury, or the survivors of them, offered the premises for sale, to which this appeal relates, and they were purchased by Messrs. Galle and Karlen, who refuse to complete on the ground that the trustees could not convey a good title. This proposition rests upon the termination of the trust as to Clarence U. by the conveyance mentioned, and as to Pauline by her death before that of her mother and by which her share vested in her issue. If either of thése be correct the sale cannot be enforced. The grantor in the trust deed intended to release the sons from its control, if his wife consented, and from thenceforth to confer upon them an absolute estate in fee simple, and thus the bulk of the estate might be diminished.
The estate to be created by these preliminaries was an absolute fee so declared, and such it was subject only as expressed in the habendum clause, “to the trust created for the life-time of Mrs. Embury,” and that trust was to apply to her use the rents, issues and profits of the sixth part as well as the remaining shares of the division. She reserved to herself, in other words, the income of the sixth conveyed to Clarence U. otherwise unencumbered. The grantor doubtless felt either that some emergency might make such a transfer of great, importance, or that the income of the estate would be sufficently large to allow one or more shares to be carried out for his sons,' and thus invest them with their part in fee prior to her death. The language of the deed to Clarence "U. is emphatic. It is to have and to hold the same to the said Clarence U. Embury, his heirs and assigns forever free, clear and discharged from the trust created by said deed and subject only to the trust created for the fife-time of Sarah E. Embury. This is not a case in which the power of sale continues beyond a limited time which is expressed because the intention was that a sale should take place at all events to carry out the intent of the grant. It is, on the contrary, a trust which the grantor intended should be- severed and some of the interests contained in it conveyed and discharged from its trammels. The learned counsel for the trustees seeks to overcome these results by the proposition that upon the death of Mrs. Embury they had for the several children an immediate right to the possession and enjoyment of the real estate as tenents in common, subject to the powers of sale and division contained in the deed, and relies upon the case of Manice v. Manice (43 N. Y., 364). This is coupled with another, namely, that any attempt of the trustees to transfer an interest in the estate to take effect before the expiration and in contravention of the trust would have been absolutely void. And he asserts then that all that was done, or attempted to be done, by the deed to Clarence *564 U., was to change the_ future estate in his favor from a trust estate to a fee subject to the trust created for the lifetime of Mrs. Embury. These views are erroneous. The transfer was not an attempt to part with the estate, or any part of it, in contravention of the trust. Such a transfer was contemplated and authorized, and, when made, gave to the grantee an absolute fee subject only to the right of Mrs. Embury to the income arising from the share conveyed. If the right to sell it or control it were designed, it could have been accomplished by making the fee subject to the provision of. the deed of trust which provided for more than the payment of the income to Mrs. Embury.
The deed executed let the share of Clarence XT. out of the net free and discharged of all surroundings except the payment of the income to Mrs. Embury during her life, at which event it was wholly and entirely released and free. Assuming the proposition to be correct, therefore, that the trustees cannot act in contravention to the trust created 1 R. S., 729, §§ 60, 63, 65; Douglas v. Cruger, 80 N. Y., 15) it has no application here for the reasons stated. Indeed in Douglas v. Cruger the absence of the power in the trustees to convey the land is made prominent. Here the power exists and has been exercised. Assuming also that they had the right of possession on Mrs. Embury's death, it will have been observed that such right related only to the corpus of the estate left and no more. To assent that a conveyance lawfully giving an absolute fee of a part of the estate subject to one burden only, may be wholly disregarded and the bulk of the estate treated as if no such conveyance was made after the burden has ceased, is to repudiate the intention of the original grantor and the solemn and lawful act of the cestui que trust and the trustees. They could, it is true, divide the estate and set apart the share conveyed to Clarence XJ., and proceed to sell any other left undisturbed by any event, and this was the extent of their power, and it may be that if the real estate left were so situated or such in character that no division could be made, the power would extend over the whole estate ex necessitate rel, and thus continue, notwithstanding the conveyance.
It is not necessary to consider any other question herein, inasmuch as the trustees have undertaken to sell as such, and it appears they could not lawfully do so. Whether the sale could be perfected by a conveyance from the executors of Mrs. Embury it is not necessary to say, a suggestion which is predicate of the fact that Clarence U. gave to her by will his whole estate. For the same reason it is not necessary to consider the effect of the death of Pauline upon the power of the trustees, and in relation to which *565 the present statement some embarrassment might arise. From the views expressed it is apparent that the purchasers cannot be required to complete and should be relieved from their purchase.
Ordered accordingly.
Van Brunt, P. J. and Daniels, J., concur.