## UHL *v.* LOUGHRAN.

*(Supreme Court, General Term, First Department. March 29, 1889.)*

1. INFANCY—GUARDIAN AD LITEM—APPOINTMENT.

Under Civil Code Proc. N. Y. § 473, relating to the appointment of guardians *ad litem,* and providing that "the court must give special directions in the order respecting the service thereof which may be had upon the infant," the directions regarding service must be made by the court as such, and a justice not in court has no authority in the matter.

2. SAME—SERVICE OF NOTICE ON ADVERSE PARTY.

    A father who was the testamentary trustee of land devised to his son brought an action when the son was but two years old to have the land partitioned between himself, the son, and others, making the son a defendant. *Held,* that there was no warrant in section 473, *supra,* or elsewhere, for serving upon the father, as the son's representative, the notice of the order appointing a guardian *ad litem* for the son, and such service was insufficient to give jurisdiction over his person.

Appeal from special term, New York county.

Action for specific performance, brought by Edward Uhl against Thomas Loughran. Judgment for plaintiff, and defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Frederick Smyth, (David McClure,* of counsel,) for appellant. *Joseph C. Levi,* for respondent.

DANIELS, J. The action was for the specific performance of a contract executed by the defendant and the plaintiff, for the conveyance of land on the south-east corner of the Boulevard and One Hundred and Forty-Sixth street, in the city of New York, or for the recovery of damages because of the inability to convey the title agreed to be given by the contract. The land was formerly owned by Rosa Hechavarria de Escoriaza. She died in 1875, leaving her husband and daughter and one son her surviving, as her only heirs at law. She left a will whereby she gave to her two children the proceeds of her real estate, and nominated her husband as sole executor, giving him full power to sell and dispose of the property. This power, however, was never executed. The son of the testatrix died in April, 1878, intestate. He left a widow and a posthumous child, born December 12, 1878. This child died at the expiration of 13 days, leaving her mother her surviving. Her mother afterwards married Roberto Guiseppe Marzo, and subsequently died at Naples, Italy, in January, 1883, leaving her husband, and a son, Carlo Ladislao Marzo, born of their marriage, her surviving, and her only heir at law. She left a will, whereby she gave and devised all her estate real and personal unto her surviving husband, in trust out of the rents and profits thereof to support and maintain her son until he should arrive at the age of 21 years, and then to convey and transfer all of the estate to him absolutely; but, if he died before attaining that age, then she gave and devised the estate to her surviving husband; and nominated him sole executor and trustee and guardian of her son. Letters testamentary were issued to him by the surrogate of the county of New York in May, 1883. This son, the beneficiary in the trust, was born in 1881 or 1882; and his father, who was executor under this will, commenced an action to partition the property in 1884, making this child and the daughter of Rosa Hechavarria de Escoriaza defendants in the action. The child was at that time about two years of age, and he was living with his grandmother in the city of Naples, in Italy, and not expected to return to the city and county of New York for an indefinite and undetermined period of time. An application upon the petition of one of the attorneys in the action was made to the court for the appointment of a guardian for this infant son in the action. This petition contained the statement that the child was a resident of the city and county of New York, but temporarily absent therefrom; and on this petition, and on the consent of the proposed guardian, and an affidavit showing his financial ability, an order was made appointing Delano C. Calvin guardian *ad litem* of this infant defendant for the purposes of the action, unless he or some one in his behalf procured such guardian to be appointed as prescribed by law within 10 days after service of a copy of the order; and it was further ordered "that this order be served by delivering a copy to Roberto Guiseppe Marzo," the father mentioned in said petition. No summons was served upon the infant, nor upon the person with whom he was residing; and after the order was made it was made to appear that the father himself had left the state of New York, and the order consequently could not be

delivered to him within this state. It was further affirmed that he was in the city of Paris, in France, and an application was made for a further order permitting the service of the order appointing the guardian upon the father in Paris. No direction was given for the service of the order upon the grandmother, with whom the boy was living, and the father, upon whom it was directed to be served, was the plaintiff in the action seeking the partition and sale of the estate, and the abrogation and subversion of the trust created by the will of his wife, which the statute of the state had rendered inalienable during the continuance of the trust. Its language upon this subject is that, "where the trust shall be expressed in the instrument creating the estate, every sale, conveyance, or other act of the trustees in *contravention* of the trust shall be absolutely void." 2 Rev. St. (6th Ed.) p. 1110, § 78. This was such a trust, and it could not be subverted by a sale of the property by any act or intervention of the trustee. But, upon the application of his attorney verifying the fact of his absence in Paris, an order was made, not in court, but by one of the justices of the court, allowing this order for the appointment of a guardian to be served by its publication in two newspapers mentioned in the order, published in the city of New York, and that the publication should continue once a week for six successive weeks, or, at the option of the plaintiff or his attorneys, service of a certified copy of the order was permitted to be made personally without the state upon the father. The order for the appointment of the guardian *ad litem* was made under the authority of section 473 of the Code of Civil Procedure. That section directed that "the court must give special directions in the order respecting the service thereof, which may be upon the infant." And it provided, further, that the summons could be served by delivering a copy to the guardian, and that the service should have the like effect as a summons served without the state upon a defendant pursuant to an order for that purpose granted as prescribed in section 438 of the Code, except that the time to answer should be 20 days after the service of the summons, exclusive of the day of service. Neither this section, nor any other, applied the provisions of the Code for the service of the summons by publication upon an absent defendant to the service of this order. In the order which was made for the appointment of the guardian the court did give directions respecting its service. It did not require the order to be served upon the infant, or upon the person having him in charge; but it directed that it should be served by delivering a copy of the order to the father of the infant, who was the plaintiff in the action. This direction was evidently given upon the expectation that the order would be served upon the father within this state. The copy of the order was to be delivered to him, and, as the order contained no authority for delivering it to him elsewhere, it is to be construed as contemplating such a delivery within the jurisdiction of the court, and not beyond the limits of the state. This direction, as the affidavit afterwards made by one of the attorneys proved the fact to be, could not be complied with, and for that reason the further order was obtained from a justice of this court permitting the service to be made by publication, or by the service of a certified copy of the order upon the father personally without the state.

This was a manifest enlargement of the special directions contained in the order appointing the guardian, respecting its service; for it permitted service of the order to be made upon the father without the state. These additional directions, however, concerning the service of the order, were inoperative and void, for the reason that the section already mentioned directed that it is the court which must give the directions concerning the service of the order; and section 1535 of the same Code further provided that a guardian *ad litem* for the infant party in the action for partition could only be appointed by the court. The authority was in this manner restricted, and it could not be exercised by a justice not presiding or acting in court. It follows, therefore, from this in-

ability of a justice to act out of court, that the order directing the service to be made either by publication, or personally upon the father without the state, was without jurisdiction. If the order made for the appointment of the guardian *ad litem*, and directing how it should be served, required enlargement, it was the province alone of the court to enlarge or extend it, and not of a mere justice of the court; and, not having been enlarged or extended in this respect by the court, it was without jurisdiction, and void. And when an order may be made without authority, or in the absence of jurisdiction, there it may be assailed collaterally, whenever it may be brought into controversy in the course of subsequent legal proceedings. *Roderigas* v. *Institution*, 63 N. Y. 460, 463, 464.

It could not have been contemplated, even by the use of the very general language contained in section 473 of the Code of Civil Procedure, than an order vitally affecting the rights and interests of a helpless child of this description should be allowed to be served upon the father, who was plaintiff in the action, the object of which was to subvert a trust created for the child's benefit, and to divest his title by a sale and disposition of the trust-estate. What the law, on the other hand, contemplated by this authority was the service of the order upon some person having such interest in the affairs and protection of the infant as would prompt the person receiving the order to look after and care for and maintain the rights of the infant. That was not the relation of the father to the litigation. His interest, on the other hand, was to destroy the trust-estate as that was manifested by the complaint in the action, to divest himself of all the obligations of the trust, and sell the property of the infant under a judgment expected to be obtained in the suit. A more indefensible proceeding to secure this end is seldom brought before courts of justice. It is not infrequent to find irregular and defective proceedings in the course of suits brought to dispose of the title to real estate, and it certainly is not creditable to the legal profession that a greater degree of care and attention is not insisted upon and observed in this class of legal proceedings. Important defects are frequently found in them bringing the title into controversy many years after it has been disposed of and sold under the authority of the courts. This class of cases is well remunerated by the costs awarded and allowed; sufficiently so, certainly, to insure care, attention, and regularity in the proceedings. This was proverbially the course enforced and maintained in the court of chancery, and a title through a master's sale was acted upon as reliable and complete, and the expectation of its being so was seldom defeated or disappointed. But under the present system it is common throughout the state to find legal proceedings in the process of foreclosures and partitions to have been carried on without any regard whatever to the requirements of the law. It is ample time that this practice should be censured and condemned, and that professional care and skill should be required to be directed to these proceedings in such a degree as will insure their strict regularity. This action appears to have proceeded to a decree and sale without any special attention having been bestowed upon the rights of the infant or the protection of his property. So far as he was interested, the proceeding was without jurisdiction over his person. His title has not been divested by the sale, and the plaintiff was not bound to accept the title which the defendant was willing to give him of these premises, but he was entitled to recover the amount that he had paid upon the contract, together with the expenditures made for the searching and examination of the title. Those sums, with interest, constituted the judgment, aside from the costs which the plaintiff in the action has recovered. It seems to have been right, and it should be affirmed, with costs. All concur.