92   3
159a  87

</div>

MARGARET ANN O'DONOGHUE and Others, Appellants, *v.* L. DWIGHT BOIES, Respondent.

*Sale in partition, in violation of a trust and of the provisions of a will — purchase by a guardian as an individual, prohibited — laches — proof of an exception.*

In an action brought to recover the possession of certain lands, it appeared that Michael O'Donoghue, by his will, devised all his real estate to his executors in trust to sell the same; to divide the proceeds into equal shares; to invest the shares, and to apply the income severally to the use of his children during minority, and, upon their respectively attaining lawful age, to pay over to each child his share; that by a codicil he revoked the power of sale, except as to certain specified parcels; that he provided that the lands not sold should be held by his executors upon the same trusts upon which the proceeds would have been held had the lands been sold, and that he further provided that his executors should have power, whenever any of his children should attain lawful age, to make partition of his real estate and to allot to such child his equal share.

The will was admitted to probate, and subsequently one of the executors, a son of the testator, commenced an action for the partition of all the lands devised. The present plaintiffs, who were then infants, were made parties defendant, and their mother, the other executor, was appointed their guardian *ad litem.* A sale was had, and the mother purchased the property in her own name. She mortgaged it, the mortgage was foreclosed, and the defendant acquired title on the sale.

*Held,* that it was the evident purpose of the testator that none of the shares of his children in the real estate in question should be sold during the minority of the owner of such share;

That, as at the time when the premises were sold under the judgment in the partition action, the Revised Statutes (2 R. S. 195, § 176) forbade the sale of the real estate of an infant in any manner against the provisions of any last will by which the same was devised to the infant, the court had no jurisdiction to order a sale, and that the sale in the partition suit was void;

That as the will created a trust in favor of the infants during their minority, the sale was in direct violation of the statute, which declared that every sale, conveyance, or other act of a trustee in contravention of such a trust should be absolutely void;

That the sale of the property and its purchase by the guardian *ad litem* of the infant in her own name was in violation of the statutory provision that no guardian of an infant party to a partition suit, should purchase or be interested in the purchase of any lands, which were the subject of the suit, except for the benefit or in behalf of such infant, and that all sales made contrary to such provision should be void;

That the purchase of the lands by the guardian *ad litem* in her own name, raised a presumption that the purchase was made in her own interest, and that, if the fact was otherwise, the burden was upon the guardian to show that the purchase was not such a one as the statute condemned;

That delay upon the part of the plaintiffs in moving to recover possession of the premises did not affect their rights, since by statute the sale in question was rendered absolutely void.

It is a general rule of evidence that where an act is prohibited, except in certain specified cases, the burden is upon the party claiming the benefit of the exception to bring himself within it.

APPEAL by the plaintiffs, Margaret Ann O'Donoghue and others, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Cortland on the 18th day of July, 1894, upon the decision of the court rendered after a trial at the Cortland Circuit before the court without a jury.

*Frederick A. Card* and *Ladislas Karge,* for the appellants.

*B. A. Benedict,* for the respondent.

PARKER, J. :

The lands in controversy in this action are a part of those devised by the will of Michael O'Donoghue, and, so far as any question presented by this case is concerned, such will may be said to have provided as follows :

By the eighth clause thereof the testator devised all of his real estate to his executors in trust to sell the same, to divide the proceeds into eight equal shares, to invest such shares and to apply the interest and income therefrom severally to the use of his eight children, one share to each, during his or her minority, and, upon each of them attaining lawful age, to pay over to such child his or her equal share. By a codicil, however, he subsequently revoked the power of sale so given, except as to three parcels in the city of New York, and directed that only such excepted parcels should be sold. He further provides that the lands not sold shall be held by his executors under the same trust which was imposed by the eighth clause upon the proceeds which were to be derived from the sale therein directed. He also expressly declares that he does not design to alter the beneficial interests in such lands, which were given by such eighth clause. In the ninth clause it is provided that the executors shall have power, whenever any of his children shall attain lawful age, to make partition of his real estate and allot to such child his equal share thereof.

It is manifest from these provisions that the plain intent of the testator was to preserve to each of his children an equal share, viz., one-eighth, of his real estate, until such child should attain the age of twenty-one years. During the period of his minority his share of the land was to remain unsold, and the rents and income therefrom were to be collected by the executors, as trustees, and applied by them to the infant's use. Although power was given them to divide and allot to each child, as he or she became of age, an equal share of such lands, a sale of such share during infancy is directly prohibited.

It is claimed that the ninth clause of the will under consideration gives to each child, upon arriving at majority, the right to have his share of the estate, and that, therefore, in the event that equal partition could not be made by the executors without a sale, a sale was intended and authorized by the testator. In view of the fact that

each child, on his arriving at majority, became vested with his undivided share of the lands so devised in the event that the executors did not, or could not, fairly allot it to him in severalty, and that each thus received the full benefit of all that was given by the will, and in view of the further fact that the testator expressly revoked by codicil the power of sale previously given, we cannot adopt the construction contended for. . We are not required or permitted to seek the testator's intent by inference or implication in the face of a purpose so plainly expressed in the codicil before us. The direction and evident purpose of the testator was, that none of the shares of his children in such real estate should be sold during his or her minority.

Some ten years after the probate of such will, one of the executors, a son of the testator, commenced an action for the partition or sale of all the lands so devised, and for a division of the proceeds among the beneficiaries named in said will. The plaintiffs in the present action, who were then infants, were made parties defendant in such action, and their mother, Ann O'Donoghue, the other executor, was appointed their guardian *ad litem.* No defense was made, and the action resulted in a judgment directing the sale of all the testator's real estate. The lands in question were sold under such judgment by a referee appointed therein, and were bid off by Ann O'Donoghue, the said guardian of such infants, and a conveyance thereof was executed to her by the referee upon May 25, 1870. Subsequently, in April, 1876, she executed a mortgage upon such premises to secure a loan of $1,500 made to her. Such mortgage was foreclosed, the premises were sold thereunder, and in August, 1880, this defendant acquired the title which was so mortgaged and sold. The plaintiffs bring this action of ejectment to recover an undivided three-sevenths of the premises.

It appears that one of the children of the testator died without issue, and, under the will, his share became vested in his surviving seven brothers and sisters.

At the time the premises were sold in the partition action, the Revised Statutes (Vol. 2, m. p. 195, § 176) provided that "No real estate (of an infant) or term for years, shall be sold, leased or disposed of in any manner against the provisions of any last will, or of any conveyance by which such estate or term was devised or granted to

such infant." The plaintiffs claim that by reason of such statute the court was without jurisdiction to render a judgment directing the sale of the property in question; that, hence, all proceedings under such judgment were utterly void, and that their interests in the premises were not affected by the referee's conveyance to Ann O'Donoghue. Conceding, as we must, that the sale under that judgment was in plain opposition to the provisions of Michael O'Donoghue's last will, this claim of the plaintiffs seems to be sustained by the decisions in this State. If the court was without jurisdiction to order such sale, such order was a nullity, and could have no effect whatever upon the plaintiffs' title. (*Craig* v. *Town of Andes*, 93 N. Y. 405, 410; *Matter of Will of Walker*, 136 id. 20, 29.) That its proceedings were not merely irregular, but were utterly without jurisdiction, is held in *Rogers* v. *Dill* (6 Hill, 415). It was there held that a sale of an infant's real estate by order of the Court of Chancery, contrary to the provisions of a devise, was utterly void, and that no title passed thereunder to the purchaser. That was a case where the proceedings to sell were under the statute relative to the sale of infants' real estate, when necessary for their support and maintenance, but that the rule is equally applicable to a sale in an action for partition is held in *Muller* v. *Struppman* (6 Abb. N. C. 343). The reason is the same in each case. In neither proceeding has the court any authority to sell, except by force of the statute (*Thompson* v. *Hardman*, 6 Johns. Ch. 436; 17 Am. & Eng. Ency. of Law, 785; 3 Pom. Eq. Juris. § 1390), and in those instances where the statute forbids it the authority is utterly wanting.

The plaintiffs further claim that there was a trust expressed in the will of Michael O'Donoghue in their favor during their minority, and that the statute declares that every sale, conveyance or other act of the trustees in contravention of such a trust shall be absolutely void (4 R. S. [8th ed.] p. 2439, § 65); hence, that the acts of the trustees, the one in instituting the partition action, and the other as guardian *ad litem* of the infants, in allowing judgment of partition and sale to be taken therein by default, were in direct violation of this statute, and that the sale so procured was, therefore, utterly void. The following cases seem to sustain that position, and to hold that the court has no power to render valid, by an order or judgment, an act of the trustees which the statute declares to be void. (*Douglas*

*v. Cruger,* 80 N. Y. 15, 18; *Cruger* v. *Jones,* 18 Barb. 467, 469; *Uhl* v. *Loughran,* 22 N. Y. St. Repr. 459; *Cuthbert* v. *Chauvet,* 136 N. Y. 326.) If the court may not approve and make valid such an act, it would seem to be without authority to order it.

At the time of the sale in the partition action it was provided by statute as follows: " Nor shall any guardian of any infant party in such (partition) suit, purchase, or be interested in the purchase of, any lands being the subject of such suit, except for the benefit or in behalf of such infant; and all sales contrary to the provisions of this section shall be void." (R. S. part 3, chap. 5, tit. 3, § 58; 2 R. S. p. 326.) On the trial of this action, although it appeared from the record that Ann O'Donoghue, the guardian *ad litem* of these infants, in the partition action purchased the premises in her own name, entered into possession of them as the owner, borrowed the sum of $1,500 about six years thereafter, and executed a mortgage upon them to secure its payment, and subsequently allowed such mortgage to be foreclosed and the premises to be sold, yet it was held that such sale to her was not void because the plaintiffs had failed to show that she did not purchase them for their benefit. In this ruling we think there was error. All purchases made by a guardian in such an action, of infants' lands being sold therein, are void unless made for their benefit; and where the conveyance is made to the guardian in her own name, and in form for herself individually, and there is nothing in the record nor in the conveyance to indicate that she holds the property in any other person's interest than her own, the presumption would seem to be that the transaction is such as upon its face it appears to be. At least, if she desires to hold such premises from her wards, the burden is upon her to show that the purchase was not such an one as the statute condemns.

It is a general rule of evidence that where an act is prohibited with an exception, the burden rests on the party claiming the exception to bring himself within it. (*Fleming* v. *The People,* 27 N. Y. 329, 334; *People* v. *Weldon,* 111 id. 569; *Knapp* v. *O'Neill,* 46 Hun, 317, 319.) The fact that an order was entered in the partition action confirming such sale did not strengthen it (*Gallatain* v. *Cunningham,* 8 Cow. 374, 375; *Terwilliger* v. *Brown,* 44 N. Y. 237, 243), and inasmuch as the guardian *ad litem's* purchase was made void by statute, delay on the part of these plaintiffs in bring-

ing proceedings to recover possession of the premises does not affect their rights. The sale is made absolutely void by the statute, and, therefore, the title remained wholly in the infants, even as against subsequent *bona fide* purchasers for value. (See *Forbes* v. *Halsey*, 26 N. Y. 53.) Moreover, the defendant can claim nothing as a *bona fide* purchaser, as the record, through which his title is made, discloses all the facts.

The title to the premises in question vested in these plaintiffs upon their arriving at the age of twenty-one years (*Watkins* v. *Reynolds*, 123 N. Y. 211, 217), and the case does not show that it has ever been divested. In that respect the decision of the trial court was erroneous, and the judgment should be reversed.

HARDIN, P. J., concurred ; MERWIN, J., not voting.

Judgment reversed and a new trial granted, with costs to abide the event.