ALBERT HEPPENSTALL et al., as Trustees, Etc., for LUKE GLEDHILL & COMPANY et al., Plaintiffs, *v.* JOHN F. BAUDOUINE et al., as Trustees for JOHN F. BAUDOINE, Etc., and JOHN F. BAUDOINE, Individually, Defendants.

(Supreme Court, New York Special Term, July, 1911.)

Creditor's suit — Conditions precedent and necessity of first exhausting legal remedies — Necessity of first obtaining judgment and of exhausting legal remedies.
Statutes — Repeal — By implication — Presumptions against.
Trusts — The beneficiary, his estate, rights and interest — Rights of creditors.

The repeal of a statute by implication is not favored, and is not to be presumed, and results only where it appears from a later statute that it was designed to take the place of a former one.

The amendment in 1908 of section 1391 of the Code of Civil Procedure, which authorizes the collection by execution of ten per cent. of a trust income, was intended to apply to all incomes, irre-

spective of whether or not the income was more than sufficient to provide for the judgment debtor's maintenance, and is not necessarily in conflict with section 98 of the Real Property Law under which an action may be brought to reach the surplus income remaining after satisfaction of the reasonable needs of the *cestui que trust's* maintenance; and said section 98 of the Real Property Law was not thereby repealed by implication, but the two remedies are concurrent.

In order to defeat a creditor's action, brought under section 98 of the Real Property Law, it is not enough that there may be an adequate remedy at law in most cases, but it should appear that the remedy at law is adequate in the particular case.

ACTION by judgment creditors of the defendant John F. Baudoine to have the surplus trust income of the judgment debtor applied toward the satisfaction of their demand. Demurrer to the complaint for insufficiency in substance.

Baylis & Sanborn (Frederick H. Sanborn, of counsel), for plaintiffs.

Cortland Betts, for defendant John F. Baudoine.

Shearman & Sterling (John A. Garver, of counsel), for defendant trustees.

BISCHOFF, J. The action is by certain judgment creditors of the defendant John F. Baudouine, to reach the income of a trust created for his benefit by another, after allowance to the *cestui que trust,* of an amount reasonably sufficient for his maintenance; and, upon demurrer to the complaint for insufficiency in substance, it is contended for the defendants that, by the amendment in 1908 of section 1391 of the Code of Civil Procedure, which authorizes an execution against the trust income of a judgment debtor, to the extent of ten per cent. of the income, section 98 of the Real Property Law, pursuant to the provisions of which this action was brought, was repealed; and that, if not so repealed, the Code amendment affords an adequate remedy at law, without previous resort to which the present action is not maintainable.

The Code amendment alluded to did not, in terms, repeal section 98 of the Real Property Law; and nothing said in Brearley School v. Ward, 201 N. Y. 358, justifies the court's postulate by the learned counsel for the defendants as favoring the view that a repeal resulted by implication. The question was not before the court; and the reasoning of the opinion is applicable strictly to the point decided, that there is no constitutional impediment in the way of the retroactive operation of the Code amendment.

Repeal by implication is not favored (People ex rel. Kingsland v. Palmer, 59 N. Y. 83), and the absence of an express repeal gives rise to the presumption that no repeal was intended. Arzonica v. Board of Education of Town of West New York, 75 N. J. Law, 21, 22. It is only when it clearly appears from the later statute that it was designed to take the place of a former one that a repeal will be held to have resulted (City of Buffalo v. Lewis, 192 N. Y. 193, 200); and, since the Code amendment is not necessarily in conflict with the Real Property Law, an intention to repeal the latter is not reasonably to be inferred. The Code amendment which authorizes the collection by execution of ten per cent. of a trust income was intended to apply to all incomes, irrespective of whether or not the income was more than sufficient to provide for the debtor's maintenance; while the Real Property Law applies only to the surplus of the income remaining after satisfying the reasonable needs of the *cestui que trust's* maintenance.

Public policy, as expressed by legislation in this State, has been to remove rather than to increase restraints upon the alienation of property; and it seems unreasonable, therefore, to attribute to the Legislature, when enacting the Code amendment, a design to protect a debtor possessed of the means of paying his debt, in his refusal so to do, or to countenance his preference to pay the debt in instalments while his means will enable him to pay it in full, or in a shorter time, at least, than his inclination would approve of. The Code amendment authorizes the application of a part of the income, as it accrues, toward the payment of the *cestui que trust's* debts, without regard to the needs of

his maintenance; and the Real Property Law subjects all of
the income not required for the reasonable needs of the
debtor's maintenance to the same end. The plain intention
of the Legislature was, when enacting the Code amendment,
nothing more than to compel the application by the debtor
entitled to a trust income of a certain proportion thereof
toward the payment of his debt, whether the income is suf-
ficient for his maintenance or not, leaving a creditor to his
choice of remedies, where the income is more than enough
to satisfy the debtor's reasonable needs of maintenance and
the surplus is sufficient to pay the debt in full, or within a
shorter period of time, at least, than if the debt was sought
to be satisfied by execution. The two remedies are not
necessarily inconsistent and should, therefore, be held to be
concurrent. Arzonica v. Board of Education of Town of
West New York, *supra.*

To defeat a creditor's action of the kind under discussion,
it is not enough that there may be a remedy at law which
may be adequate in some or even in most cases, but it should
appear that the remedy at law is adequate to the particular
case. Its inadequacy to the case at bar is very apparent.
It is not only the plaintiffs' right, and justice so imperatively
demands, assuming the defendant judgment debtor's ability
to pay, that the formers' judgment be satisfied without
unnecessary delay; and it is self-evident from the pleadings
that, if the plaintiffs are compelled to resort to the means
afforded by the Code of collecting their judgment by execu-
tion against the defendant judgment debtor's trust income,
the judgment will not be satisfied within twelve years. The
trust income ends upon the debtor's death, and the judg-
ment may, therefore, never be fully satisfied. It is alleged
in the complaint, and admitted by the demurrer, that the
trust income is $35,000 per year, and that the judgment
sought to be enforced in this action is upwards of $44,000,
which sum, with interest compounded at the rate of six per
cent. per annum, will double itself in eleven years and three
hundred and twenty-seven days, say twelve years. Within
that period of time, $3,500 per annum, with interest, com-
pounded at the same rate, will produce as follows:   Prin-

cipal, $42,000; interest, $21,600; in all, $63,600. It is certain, therefore, that, if the plaintiffs seek to collect their judgment by execution, it will require far above twelve years' time to do so; and the foregoing computations make no allowance for the reasonably certain expenses which will attend the collection, such as sheriff's fees, etc.

The demurrer is overruled, with costs, with leave to the defendants to answer, within twenty days, upon payment of costs.

*Demurrer overruled.*