tiff was allowed to testify that there had been no condonation. Upon the application to the court for judgment on the default of a defendant, the plaintiff is a competent witness to prove that the offense has not been condoned (rule 72, General Rules of Practice), and also to prove that no judgment has been recovered against him for divorce on the grounds of adultery. Section 1757, Code of Civil Procedure. It is impossible to reconcile a statute that forbids plaintiff from testifying to a fact upon the trial of an issue with a statute that permits such testimony upon an inquest on default.

It is not a part of an affirmative case that there has been no condonation. In testifying that there was no condonation, the plaintiff was not testifying to anything upon the issue of the defendant's adultery. He was simply testifying upon the issue of condonation as tendered by the defendant. The plaintiff is prohibited from testifying to anything against the defendant that tends to make a case or establish his cause of action against her. He cannot testify to any offense of the defendant, nor to any fact necessary for him to establish to make out an affirmative case. Section 831 of the Code does not prohibit the plaintiff from denying the alleged admission of condonation claimed to have been made to Mrs. Warner.

Defendant's motion to strike out plaintiff's evidence is denied. Interlocutory judgment ordered for plaintiff. Let findings be prepared.

---

(73 Misc. Rep. 118.)

HEPPENSTALL et al. v. BAUDOUINE et al.

(Supreme Court, Appellate Division, First Department. December 22, 1911.)

1. STATUTES (§ 161*)—REPEAL BY IMPLICATION.
    It is only when it clearly appears from a later statute that it was designed to supplant a former one that a repeal will be held to have resulted by implication.
    [Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 230–234; Dec. Dig. § 161.*]

2. TRUSTS (§ 151*)—CREDITORS OF CESTUI QUE TRUST—REMEDIES—STATUTES—REPEAL—EXECUTION.
    The amendment in 1908 of Code Civ. Proc. § 1391, by authorizing execution against the trust income of a judgment debtor to the extent of 10 per centum of the income did not repeal by implication Real Property Law (Consol. Laws 1909, c. 50) § 98, authorizing proceedings to reach trust income after allowance to the beneficiary of an amount reasonably sufficient for his maintenance.
    [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 195–197; Dec. Dig. § 151.*]

3. TRUSTS (§ 151*)—REMEDIES OF CREDITORS OF CESTUI QUE TRUST—PROCEEDINGS TO REACH TRUST INCOME.
    To. defeat proceedings under Real Property Law (Consol. Laws 1909, c. 50) § 98, by judgment creditors to reach trust income for the debtor's benefit on account of adequacy of a remedy at law, it must appear that such remedy is adequate as applicable to the particular case.
    [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 195–197; Dec. Dig. § 151.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. TRUSTS (§ 151*)—REMEDIES OF CREDITORS OF CESTUI QUE TRUST—EXECU-
TION—REACHING TRUST INCOME.

A judgment creditor may proceed under Real Property Law (Consol.
Laws 1909, c. 50) § 98, to reach trust income of his debtor, instead of pro-
ceeding under Code Civ. Proc. § 1391, as amended in 1908, authorizing
execution against trust income to the extent of ten per centum of the
income, where, by pursuing the latter remedy, satisfaction of the judg-
ment would be delayed several years, and might be' defeated.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 195–197; Dec.
Dig. § 151.*]

Appeal from Special Term, New York County.

Action by Albert Heppenstall and others against John Baudouine
and others. On demurrer to the complaint. Demurrer overruled,
and defendants appeal. Affirmed.

See, also, 60 Misc. Rep. 620, 113 N. Y. Supp. 849; 129 App.
Div. 901, 113 N. Y. Supp. 851.

The following is the opinion of Bischoff, J.:

[1, 2] "The action is by certain judgment creditors of the defendant John
F. Baudouine to reach the income of a trust created for his benefit by an-
other after allowance to the cestui que trust of an amount reasonably suffi-
cient for his maintenance, and upon demurrer to the complaint for insuffi-
ciency, in substance, it is contended for the defendants that by the amend-
ment in 1908 of section 1391 of the Code of Civil Procedure, which authorizes
an execution against the trust income of a judgment debtor to the extent of
ten per centum of the income, section 98 of the real property law (Consol.
Laws 1909, c. 50), pursuant to the provisions of which this action was
brought, was repealed, and that, if not so repealed, the Code amendment af-
fords an adequate remedy at law, without previous resort to which the pres-
ent action is not maintainable. The Code amendment alluded to did not in
terms repeal section 98 of the real property law, and nothing said in Brear-
ley School v. Ward (201 N. Y. 358, 94 N. E. 1001) justifies the court's postu-
late by the learned counsel for the defendants as favoring the view that a
repeal resulted by implication. The question was not before the court, and
the reasoning of the opinion is applicable strictly to the point decided—that
there is no constitutional impediment in the way of the retroactive operation
of the Code amendment. Repeal by implication is not favored (People ex rel.
Kingsland v. Palmer, 52 N. Y. 83), and the absence of an express repeal gives
rise to the presumption that no repeal was intended (Arzonica v. Board of
Education of the Town of West New 'York, 75 N. J. Law, 21, 22, 69 Atl. 450).

"It is only when it clearly appears from the later statute that it was de-
signed to take the place of a former one that a repeal will be held to have re-
sulted (City of Buffalo v. Lewis, 192 N. Y. 193, 200, 84 N. E. 809); and, since
the Code amendment is not necessarily in conflict with the real property law,
an intention to repeal the latter is not reasonably to be inferred. The Code
amendment which authorizes the collection by execution of 10 per centum of
a trust income was intended to apply to all incomes irrespective of whether
or not the income was more than sufficient to provide for the debtor's main-
tenance, while the real property law applies only to the surplus of the income
remaining after satisfying the reasonable needs of the cestui que trust's
maintenance. Public policy, as expressed by legislation in this state, has
been to remove rather than to increase restraints upon the alienation of
property, and it seems unreasonable, therefore, to attribute to the Legisla-
ture, when enacting the Code amendment, a design to protect a debtor pos-
sessed of the means of paying his debt in his refusal so to do, or to counte-
nance his preference to pay the debt in installments while his means will en-
able him to pay it in full, or in a shorter time at least than his inclination
would approve of. The Code amendment authorizes the application of a part
of the income as it accrues towards the payment of the cestui que trust's

*For other cases see-same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

debts without regard to the needs of his maintenance, and the real property law subjects all of the income not required for the reasonable needs of the debtor's maintenance to the same end. The plain intention of the Legislature was, when enacting the Code amendment, nothing more than to compel the application by the debtor entitled to a trust income of a certain proportion thereof towards the payment of his debt whether the income is sufficient for his maintenance or not, leaving a creditor to his choice of remedies where the income is more than enough to satisfy the debtor's reasonable needs of maintenance and the surplus is sufficient to pay the debt in full, or within a shorter period of time, at least, than if the debt was sought to be satisfied by execution. The two remedies are not necessarily inconsistent, and should, therefore, be held to be concurrent. Arzonica v. Board of Education of the Town of West New York, supra.

[3] "To defeat a creditor's action of the kind under discussion, it is not enough that there may be a remedy at law which may be adequate in some or even in most cases, but it should appear that the remedy at law is adequate to the particular case.

[4] "Its inadequacy to the case at bar is very apparent. It is not only the plaintiff's right, and justice so imperatively demands, assuming the defendant judgment debtor's ability to pay, that the former's judgment be satisfied without unnecessary delay, and it is self-evident from the pleadings that, if the plaintiffs are compelled to resort to the means afforded by the Code of collecting their judgment by execution against the defendant judgment debtor's trust income, the judgment will not be satisfied within 12 years. The trust income ends upon the debtor's death, and the judgment may therefore never be fully satisfied. It is alleged in the complaint, and admitted by the demurrer, that the trust income is $35,000 per year, and that the judgment sought to be enforced in this action is upwards of $44,000, which sum, with interest compounded at the rate of 6 per centum per annum, will double itself in 11 years and 327 days—say 12 years. Within that period of time $3,500 per annum with interest compounded at the same rate will produce as follows: Principal, $42,000; interest, $21,600; in all $63,210. It is certain, therefore, that, if the plaintiffs seek to collect their judgment by execution, it would require far above 12 years' time to do so, and the foregoing computations make no allowance for the reasonably certain expenses which will attend the collection, such as sheriff's fees, etc.

"The demurrer is overruled, with costs, with leave to the defendants to answer within 20 days upon payment of costs."

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

H. W. Forbes, for appellants.
F. H. Sanborn, for respondents.

PER CURIAM. Judgment affirmed, with costs, with leave to defendants to withdraw demurrer, and to answer on payment of costs on opinion of Bischoff, J.

---

BAILEY v. BUFFALO LOAN, TRUST & SAFE DEPOSIT CO. et al.

(Supreme Court, Equity Term, Erie County. December, 1911.)

1. PERPETUITIES (§ 7*)—SUSPENSION OF ALIENATION.

A will created a trust in bonds, the income to be paid in an amount stated to testator's brother and to S. during their lives, the remainder thereof to be paid to testator's son H. during his life, or until the trust terminated, and, if the others died, their share to be paid to H., and upon his death, his share to be added to the principal. The will further

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

132 N.Y.S.—33