MONROE W. HILL, Plaintiff, *v.* MYRTLE R. HILL and Others, Defendants.

In the Matter of the Application of MARY MARGARET HILL, Defendant, Petitioner, for the Granting of a Decree Increasing the Allowance for the Care, Support, Education and Maintenance of RAYMOND HILL and KENNETH C. HILL, Infants, Defendants.

Supreme Court, Broome County, December 19, 1924.

Trusts — trust provided for payment of income to two adults for life and to four infants until they reached age of eighteen — principal to be paid to infants on death of survivor of adults — trust instrument contains no valid provision for accumulation after infants reach eighteen — disposition of income thereafter must be made under Real Property Law, § 63, and Personal Property Law, § 11, to those entitled to next eventual estate — income remaining after specified payments must be divided among children " share and share alike."

Under a trust instrument which provides for the payment of the income to two adults and to four infants until they shall reach the age of eighteen years and that on the death of the adults the principal shall be paid to the infants, there being no valid direction for the accumulation of income after the infants reach the age of eighteen years, the disposition of the income over and above that

which is necessary to meet the specific payments set out in the trust must be disposed of in accordance with section 63 of the Real Property Law and section 11 of the Personal Property Law to the person presumably entitled to the next eventual estate.

In this case the infants are entitled to the next eventual estate and, therefore, the income over and above what may be necessary to meet the payments specified must be divided among them " share and share alike," as provided in the trust instrument.

APPLICATION for increase in allowance under trust for care, maintenance and education of infants.

*Keenan, Brink & Harrison,* for the petitioner.

*G. Mead Willsey,* special guardian for Raymond Hill and Kenneth C. Hill, infants, defendants.

*Herman F. Nehlsen,* special guardian for Franklin Monroe Hill, defendant.

RHODES, J.:

This is a special proceeding instituted by a petition upon which an order to show cause has been issued, directed to all parties in being interested in a trust relating to personalty. The petitioner is one of the beneficiaries under the trust and seeks for an order permitting increased payment out of the trust funds for the support and maintenance of two infant beneficiaries. The petitioner also prays for such other, further and different relief as to the court may seem proper. The trust was created in consideration of the settlement and adjustment of an action pending in the Supreme Court. Prior to August 5, 1920, the said action had been commenced by Monroe W. Hill against several defendants, including his wife and infant children, to set aside certain transfers of property. During the trial of the issues in the action it was stipulated in writing between the parties interested and their attorneys that a judgment might be entered upon said stipulation and in accordance with the terms thereof. On the 5th day of August, 1920, a judgment was thereupon granted pursuant to and in accordance with the terms of said stipulation, providing that said action be compromised and settled; that a trust of certain property should be created and that the Peoples Trust Company of Binghamton be made a trustee thereof. While certain of the property referred to consisted of real property, the terms of the trust contemplated its conversion into personalty and, therefore, the trust set up is a trust of personalty. The judgment then, in accordance with the terms of said stipulation, directed the disposition of said trust fund as follows:

" (b). To said Monroe W. Hill during his lifetime the sum of

Fifty Dollars ($50.00) per month from and after July 1, 1918, and hereafter to be paid on the 1st day of each month, but if said Monroe W. Hill shall be unable to manage himself or his affairs at any time hereafter, application may be made to the Court by any person interested therein for direction for the payment by said trustee of said monthly allowance to someone in his behalf for his care and maintenance.

" (c). To Myrtle R. Hill during her lifetime the sum of Fifty Dollars ($50.00) per month from and after July 1, 1920, hereafter to be paid on the 1st day of each month.

" (d). To Myrtle R. Hill for the care, support, education and maintenance, collectively and severally the sum of Fifteen Dollars ($15.00) each month for each infant under the age of eighteen years, to be paid hereafter on the 1st day of each month, such payments beginning as of the 1st day of July, 1920, and to continue as to each infant until he or she arrives at the age of eighteen years, unless previously deceased. In the event of the death of said Myrtle R. Hill before the youngest of said infants shall arrive at the age of eighteen years, the monthly allowance of said payment for each of said infants then under the age of eighteen years may be increased in the discretion of the trustee the same not exceeding Twenty-five Dollars ($25.00) per month.

" (e). Upon the death of the survivor of said Monroe W. Hill and Myrtle R. Hill to pay all the rest, residue and remainder of said trust fund, whether principal or interest to the said infant defendants, equally share and share alike, and in the event any of said infants shall have died leaving a descendant or descendants prior to the decease of the survivor of said Monroe W. Hill and Myrtle R. Hill, the said descendant or descendants shall receive the share to which said infant defendant would have been entitled if living."

The trust continues during the lifetime of Monroe W. Hill and Myrtle R. Hill. Myrtle R. Hill is now deceased. All the parties in being interested in the said property are before the court. An allowance is made out of the income of not exceeding twenty-five dollars per month for each infant until such infant shall arrive at the age of eighteen years. No further direction is made for the payment of the income between the time the infants arrive at the age of eighteen years and the termination of the trust which must continue during the lifetime of Monroe W. Hill, now living. There is, therefore, no valid direction for the accumulation of such income accruing after the specific payments directed to the infants under the age of eighteen years.

Section 63 of the Real Property Law provides that " When, in

consequence of a valid limitation of an expectant estate, there is a suspension of the power of alienation, or of the ownership, during the continuance of which the rents and profits are undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate." The rule laid down by this section is equally applicable to the future interests in personal property. (*Matter of Harteau*, 204 N. Y. 292; Pers. Prop. Law, § 11.)

It appears that there is income on hand exceeding in amount the sums specifically directed to be paid to the beneficiaries under the trust. Such income, therefore, belongs to the owners of the next eventual estate. The persons presumptively entitled to the next eventual estate are the persons entitled at the death of Monroe W. Hill. (*St. John* v. *Andrews Institute for Girls*, 191 N. Y. 254; *Matter of Ossman* v. *Von Roemer*, 221 id. 381; *Matter of Kohler*, 231 id. 353.) The trust in question provides that upon his death the trustee shall pay all the rest, residue and remainder of said trust fund, whether principal or interest, to the said infant defendants equally, share and share alike, and with the further provision that if any such infant shall have died leaving descendant or descendants, such descendant or descendants shall take the share of such infant so dying. The persons presumptively entitled to the next eventual estate are, therefore, the four children of Monroe W. Hill. It now remains to be determined in what proportion the income unaccumulated is to be distributed. By the terms of the trust the sum of fifty dollars per month is payable to Monroe W. Hill in any event during his lifetime, and a sum not exceeding twenty-five dollars per month is to be paid for the support of each minor until arriving at the age of eighteen years; the balance of the income, after making these payments, is, therefore, to be distributed among the four children of Monroe W. Hill, they being presumptively entitled to the next eventual estate. It is payable to them equally because by paragraph " (e) " of the trust, as set forth in the judgment, " the rest, residue and remainder of the trust fund, whether principal or interest, is payable to said infant defendants equally, share and share alike." It, therefore, follows that after paying from said income to Monroe W. Hill the sum of fifty dollars per month, and the sum of twenty-five dollars per month for the benefit of Raymond Hill and Kenneth C. Hill, one-fourth of the remainder belongs to and is immediately payable to each, Raymond Hill, Kenneth C. Hill, Franklin Monroe Hill, and the petitioner Mary Margaret Finn, formerly Mary Margaret Hill. The petitioner having arrived at the age of twenty-one years, her share of the income, of course, is payable directly to her. The

three other beneficiaries are minors. The amounts belonging to them should, therefore, be paid over to the guardians of the property of said minors, if and when such guardians are appointed and qualified to receive the same.

While the relief to be granted in accordance with this memorandum varies somewhat from the prayer of the petition, the disposition hereby arrived at is authorized and in accordance with the terms of the trust. What is sought by the petition is to invoke the equitable powers of the court, seeking, if necessary, because of the needs of the infants under the age of eighteen years, to encroach upon the corpus of the funds and to go beyond the express terms, provisions and directions of the trust. It is doubtful if the court, even in the broadest exercise of its equitable powers, is authorized to grant the full relief sought by the petitioners. (*Matter of Davison*, 6 Paige, 136.)

The petition, however, asks for such other, further and different relief as to the court may seem proper. The solution outlined herein seems proper for the reason stated, and, therefore, is justified by the prayer of the petition for general relief.

An order may be prepared accordingly.