In the Matter of the Judicial Construction of the Last Will and Testament of ELLA C. PERRY, Deceased.

Surrogate's Court, Albany County, February 1, 1926.

**Wills — construction — unattested paper of testamentary character cannot be considered as part of will — clause in decedent's will provided for distribution of estate in accordance with sealed letter of instructions to be handed to trustees — clause invalid and property intended to be distributed thereunder passes as if intestacy existed — interest of petitioner under trust to receive income for life may not be merged into remainder under Personal Property Law, § 15 — word " otherwise " as used in Personal Property Law, § 15, means in different manner.**

An unattested paper of a testamentary character cannot be considered as a part of a will, though referred to by that instrument.

Accordingly, that portion of a clause of decedent's will by which she purported to provide for the distribution of the assets of her estate " in accordance with a sealed letter of instructions " to be handed to her trustees prior to her decease, is of no legal effect and cannot be considered in interpreting the will, in the absence of proof showing that it had been executed so as to constitute a valid codicil. Moreover, intestacy exists as to all property intended to be disposed of under said clause.

Nor was a merger of the interest of the petitioner, the *cestui que trust* under the will, with his interest as remainderman effected at the death of decedent, where the trust created is only to receive income and apply it to petitioner's use, since by section 15 of the Personal Property Law such a trust is indestructible. Moreover, said statute prohibits any form of transfer or acquisition; therefore, the interest of the beneficiary may not be transferred by express assignment or by any other means.

The word " otherwise," as used in the statute, means in a different manner or any other way.

PROCEEDING for construction of last will and testament.

*Mills & Mills,* for the petitioner.

*Frank H. Shall,* for Cornelia C. Andrews.

*Wemple, Peters & Wemple,* for Susie C. Vander Venter.

*George S. Hinckel,* for executors and trustees.

LAWYER, S. The testatrix, Ella C. Perry, died September 29, 1924, seized of no real property but possessed of personalty of the appraised value of $20,055.09.

Through his committee, Thornton K. Perry requests a construction of the last will and testament of the testatrix, who left her surviving Thornton K. Perry, her husband, and no descendants, parents, sister or brother, nephew or niece. Therefore, in the event of intestacy of the decedent, the husband surviving would be entitled to the whole estate. (Decedent Estate Law, § 98, subd. 3; Id. § 100, as amd. by Laws of 1919, chap. 295.)

Interpretation and construction are desired of that portion of the will contained in paragraphs " seventh " and " sixteenth " thereof, which are as follows:

" *Seventh.* To my hereinafter named executors, I will in due and proper season hand a note of written directions, instructing them as to my personal desires regarding the disposition of my jewelry and other articles of individual adornment, and I hereby make such note of instructions a part of my will, with the injunction that my said executors strictly conform to the directions and preferences expressed therein.     *     *     *

" *Sixteenth.* All of my estate, real, personal and mixed, and all the rest, residue and remainder thereof, excepting the unrestricted and presently effective bequests contained in paragraphs numbered ' third ' ' fourth ' ' fifth ' ' sixth ' ' seventh ' ' eighth ' ' ninth ' ' tenth ' and ' eleventh ' of this my will, I do place, give, devise and bequeath unto my cousins, Mrs. Cornelia C. Andrews of No. 101 Prospect Street, Little Falls, New York, and Henry C. Jones, also of Little Falls, New York, in trust nevertheless, and however for the following purpose and purposes only.

" The same shall remain and continue invested as now or hereafter it may be, or reinvested as may be expedient, necessary or advisable, according to the judgment of my said trustees just hereinabove named, in safe, solvent and interest bearing securities or dividend producing stocks at all times, and the income, interest, dividends, rents, issues and profits thereof shall be paid quarterly, or upon the regular interest or dividend days of such investments aforesaid, unto my beloved husband, Dr. Thornton K. Perry for and during his natural lifetime, and an account thereof rendered to the Surrogate of the County of Albany at regular annual or semi-annual intervals, according to the requirements and directions made by said Surrogate of Albany County in the decree of probate of this my will, and the undevised and unbequeathed portions or remainder of my estate, shall be by said trustees aforesaid, distributed, apportioned, divided and disposed of, strictly in accordance with a sealed letter of instructions to be by me handed to my said trustees aforesaid prior to my decease, in which will be found complete directions and memoranda for the carrying out of

my wishes aforesaid, and I implicitly rely upon my said trustees aforesaid in the belief that they will sacredly fulfil the terms of said note of instructions, and thus render unto me a final and faithful act of that friendship which has existed between us for so many years."

On probate of the will, December 19, 1924, no memorandum instructing the executors concerning the disposition of certain jewelry and articles of adornment referred to in paragraph " sixteenth " was produced and it is conceded that no such memorandum is or has been in the possession of the executors.    But even if such written direction is in existence or the executors have knowledge of it, it is immaterial, for the reason that it would have no probative force or effect, unless executed so as to constitute a valid codicil to the will itself.

By many English decisions and those of the courts of several American States, support is given to the proposition that extraneous, unattested documents may be incorporated into a will by proper reference thereto.    (Schouler Wills [6th ed.], § 401.)

But in this State it has long been established that an unattested paper, which is of a testamentary character, cannot be considered as a part of a will, though referred to by that instrument.    (*Matter of Fowles*, 222 N. Y. 222, 244; *Booth* v. *Baptist Church*, 126 id. 215; *Matter of Andrews*, 43 App. Div. 394; affd., 162 N. Y. 1.)

Hence it follows that that portion of paragraph " sixteenth " of the will purporting to provide for distribution of assets " in accordance with a sealed letter of instructions " is of no legal effect and may not be considered in the interpretation and construction of the will.    Intestacy exists as to all property intended to be disposed of thereby.

A further question then to be determined is whether a merger is effected of the interest of Thornton K. Perry, the *cestui que trust* under the will, with his interest as remainderman.

By the terms of paragraph " sixteenth " the husband is entitled to the income not otherwise disposed of.

The petitioner contends that he is also entitled to the corpus of the estate, after payment of legacies, and that, at the death of the testatrix, there resulted a merger of the interest of the *cestui que trust* and the remainderman, who are the same person; that no valid trust having been created as to the unbequeathed assets of the estate, the committee of the petitioner should have possession of the residue remaining undisposed of.

The trust set forth in paragraph " sixteenth " of said will is valid only to the extent of the provisions contained in paragraphs " twelfth," " thirteenth," " fourteenth," " fifteenth A," " fifteenth

B " and " fifteenth C " thereof, by the terms of which bequests are made of certain personalty after the death of Thornton K. Perry.

May the interest of a beneficiary of a trust of personal property to receive the income for life be transferred or merged into the remainder, so as to terminate the trust, in whole or in part, and justify delivery of the property to the person in whom are vested both the life estate and the remainder?

The law on the question of the abrogation of trusts has passed through many changes.

By the Personal Property Law (Gen. Laws, chap. 47; Laws of 1897, chap. 417) it was provided as follows:

" § 3. Income of trust fund not alienable; merger.— The right of the beneficiary to enforce the performance of a trust to receive the income of personal property, and to apply it to the use of any person, cannot be transferred by assignment or otherwise; but the right and interest of the beneficiary of any other trust in personal property may be transferred. Whenever a beneficiary in a trust for the receipt of the income of personal property is entitled to a remainder in the whole or in a part of the principal fund so held in trust, subject to his beneficial estate for a life or lives, or a shorter term, he may release his interest in such income, and thereupon the estate of the trustee shall cease in that part of the principal fund to which such beneficiary has become entitled in remainder, and such trust estate merges in such remainder."

This section of the statute was amended by Laws of 1903, chapter 87, which reads:

" § 3. The right of the beneficiary to enforce the performance of a trust to receive the income of personal property, and to apply it to the use of any person, cannot be transferred by assignment or otherwise. But the right and interest of the beneficiary of any other trust in personal property may be transferred."

The same provision is contained in the statute now in force. (Pers. Prop. Law [Consol. Laws, chap. 41; Laws of 1909, chap. 45], § 15, as amd. by Laws of 1911, chap. 327.)

The effect of the amendment of 1903 is stated in Fowler's Personal Property Law (2d ed. p. 89):

" The interests of a beneficiary in a trust to receive and apply the income of personal property have, since the passage of chapter 87 of the Laws of 1903, again become as inalienable as they were held to be under the Revised Statutes, and section 83 of the former Real Property Law. This section is now an explicit restoration of the former law of this State making certain trust interests inalienable   *   *   *.   But this section, it will be observed, applies only to trusts to receive and apply income to the use of beneficiaries

specified and not to other trusts." (*Wells* v. *Squires*, 117 App. Div. 502; *Matter of Bloodgood*, 184 id. 798.)

In the instant case the trust created is only to receive income and apply it to the use of the petitioner. The statute declares that such a trust is indestructible. (*Matter of Lee*, 114 Misc. 511; Pers. Prop. Law, § 15.)

The interest of the beneficiary may not be transferred by express assignment or by any other means. The prohibition of the statute applies to any form of transfer or acquisition, the word " otherwise," as used in the statute, being construed to mean in a different manner, " in any other way."

Because the interest of the beneficiary is inalienable, no injustice will result in this case.

The immediate parties interested in the question of merger are the trustees under the will of Ella C. Perry and the committee of the person and property of Thornton K. Perry.

The petitioner is entitled to a life estate by the will, and he owns the remainder. In view of the statutory prohibition, there is no merger of the two estates.

Decreed accordingly.