In the Matter of the Application of Ann Jane Renn, as the General Guardian of the Person and Estate of Jane Marie Renn, an Infant.

Supreme Court, Special Term, Bronx County, June 25, 1941.

*Horstmann & Kozinn* [*Joseph J. Kozinn* of counsel], for the petitioner.

*Sunkenberg & Gereghty* [*James R. Gereghty* of counsel], for the trustee.

McLaughlin, J. Jules J. Renn, the father of petitioner's husband, and the grandfather of Jane Marie Renn, died on August 1, 1923, leaving a last will and testament which was duly admitted to probate by the surrogate of Bronx county on the 24th day of August, 1923. In and by the provisions of subdivision (b) of paragraph fourth of said will, Jules J Renn directed that upon the death of his wife, Maria Renn, his executors and trustees divide the principal into two separate equal parts and to hold one of such equal parts in trust for the benefit of his son Franklyn G. Renn for and during the term of his natural life, and upon his death, to divide the principal of said part amongst his issue, share and share alike, but no authority to invade the principal is provided for by said will. In case the said Franklyn G. Renn should leave no issue surviving, then upon his death the executors and trustees were directed to pay and transfer the principal of his part or share to the testator's daughter, Minnie J. Renn, if living, but, if she were dead, leaving issue then living, then the said part or share to go to such issue.

The petitioner, the wife of Franklyn G. Renn, is the mother and general guardian of the infant Jane Marie Renn, in whose behalf and for whose benefit this application is made. In her petition accompanying this application, Ann Jane Renn states that the said infant resides with her father and mother at Rowayton, in Fairfield county, Conn.; that the said infant will be eighteen years of age on June 15, 1941; that the income received from the property of the trust by Franklyn G. Renn is the sole and only income of any kind received by said Franklyn; that this income for the year 1940 was $1,445.79, all of which is used towards the support of himself, his wife and his daughter, Jane Marie Renn; and that this income is insufficient for that purpose, and by reason thereof both he and the said infant are in destitute circumstances. The petition also alleges that the principal of the trust for Franklyn G. Renn is of the value of $42,979.28; that because of her station in life and mode of living to which she is entitled, the infant Jane

Marie Renn requires, in addition to the support which her father is able to give her, the sum of $500 per year for the next five years, out of the principal of said trust, for dental services, bus tickets to school, entertainment of school friends and church friends, club dues, church dues, piano lessons, and for a commercial course which is not furnished at the high school which the said infant attends. It is also alleged that the said infant is in immediate need of surgical attention to remove a goitre and also needs an appendix operation.

Consents to the invasion of the principal of the trust as herein requested are furnished by Franklyn G. Renn, the life tenant, and by Minnie J. Renn, contingent remainderman.

The trust set up by the testator, Jules J. Renn, for the benefit of Franklyn G. Renn is an indestructible one. (Pers. Prop. Law, § 15; Real Prop. Law, § 103.) The purpose of these sections is to permit a testator " to make secure provision for the support and maintenance of an improvident person for life and to place it beyond the reach of such person or his creditors to defeat the purposes of the trust by alienating and squandering the principal." (*Matter of Wentworth*, 230 N. Y. 176.) " The intention of a testator, when clear and not contravening any statute, or rule of law, must be implicitly obeyed." (*Metcalfe* v. *Union Trust Co.*, 181 N. Y. 39, 45.) It appears to the court that the primary intention of the testator Jules J. Renn was to provide an income for the life of his son Franklyn. Having provided an income for his son for life, his concern was secondarily for the issue of Franklyn, now represented by the infant, Jane Marie Renn. Any invasion of the principal, either total or partial, for the benefit of the said infant, therefore, would amount to a nullification of the intent of the testator; for, by invading the principal, the income provided for the primary object of the testator's concern would be diminished.

Nor do the consents of the life tenant of the trust, Franklyn G. Renn, and of the contingent remainderman operate to give validity to the attempted invasion of the principal of the trust, for " the interest of the beneficiary may not be transferred by express assignment or by any other means." (*Matter of Perry*, 126 Misc. 616, 620.)

Apart from the pertinent statutes forbidding the destruction of a valid trust, it would be going to extraordinary lengths to hold that even a court of equity had the power to set aside the plainly expressed intent of a testator and go beyond the express terms, provisions and directions of a trust. (*Hill* v. *Hill*, 124 Misc. 98, 102.)

Again, the infant herein has no vested or absolute right to the principal of this trust. Her right is a contingent one. Here, after the death of the life tenant, the principal is to go to his issue. Issue, in the present circumstances, encompasses possible future unborn children both of the life tenant and of his infant daughter. In *Matter of Davison* (6 Paige, 136, 138) the court observes: " * * * the infants have no absolute interest or right to any other fund out of which maintenance can be allowed. The utmost extent to which this court is authorized to go in allowing maintenance out of a fund which may never come to the infant, is to allow it out of an estate which is given absolutely to a class of infants with benefit of survivorship. In such cases, as the chance of survivorship is equal although all may not in the end become sharers in the fund, the court has gone so far as to allow maintenance out of the fund for the benefit of all while the whole continued minors. The cases on this subject were all referred to by LORD ELDON in the case *Ex Parte Kebble* (11 Ves. 604). And he then arrived at the conclusion that maintenance could not be allowed out of a fund which was given over to a third person, or to the issue of the infant, in case of the death of such infant before the time appointed for the distribution of the fund." To the same effect are the following cases: *Matter of Turner* (10 Barb. 552, 557); *Deen* v. *Cozzens* (7 Robt. 178, 187); *Matter of Ryder* (11 Paige, 185, 187). *Matter of Muller* (29 Hun, 418) is *contra*, but reason and the authorities herein cited compel the court to deny this application.

A further reason for denying the relief sought is that the moving papers do not disclose any real emergency which would justify the court in permitting an invasion of the trust even if it otherwise could properly be done.

Motion is denied.