Kenneth O’Brien, J.
Plaintiff moves to strike out the separate defenses pursuant to subdivision 6 of rule 109 of the Rules of Civil Practice, and for judgment pursuant to section 476 of the Civil Practice Act and rule 112 of the Rules of Civil Practice.
Plaintiff and one of the defendants entered into a separation agreement in 1932 and since that time has secured two judgments against him in substantial amounts representing unpaid alimony. Except for a small sum the judgments are unpaid after return of execution unsatisfied and it is admitted that defendant has no property other than the income derived from the trust in suit. The remaining defendants are the trustees of the estate from which the income is derived.
A first cause of action seeks to reach and have applied to the payment of the judgments moneys due and owing to the husband as life beneficiary. The testamentary trust made no provision for accumulation and it is admitted a large sum is due to the beneficiary. The second cause of action seeks pursuant to section 98 of the Real Property Law to reach surplus income now due and to become due. There have been accountings in the Surrogate’s Court. During administration of the trust estate large sums were borrowed by the principal account from the income account for amortization of mortgages affecting the property comprising the corpus and for preservation of the estate, all with consent of the parties in interest and with approval of the Surrogate’s Court. By decree of July 22, 1948, approximately $80,000 was found to have been so advanced and to be owing to the income account from the principal account “ and that to the extent of such advances so made, the income account shall have an equitable lien for the amount of such advances until said sum is repaid.” The decree further found a balance in the principal fund of approximately $268,000 and a balance of undistributed income of approximately $85,000 in which income defendant husband enjoys a one-half interest.
An action is maintainable by a judgment creditor after return of execution unsatisfied to reach surplus income. (Williams v. Thorn, 70 N. Y. 270; Wetmore v. Wetmore, 149 N. Y. 520.) Irregularity of the judgment upon which the suit is based may not be collaterally assailed. In the absence of a valid provision for accumulation, surplus is liable in equity to the claims of this judgment creditor. Moreover, other creditors may not interpose until there is a surplus over and above that which is necessary for the support of the husband, wife and children. (Williams v. Thorn, supra.) Thus the existence of a garnishee execution is no defense. The debtor’s general financial situation *552 including other property and income and living requirements in accord with accustomed standard of living are matters of adjustment in reaching determination of that amount which is surplus allowable to plaintiff. Thus, equity has jurisdiction and power to direct trustees to pay over all the accumulated surplus and surplus to accrue, and such direction does not operate to annul the trust. Separate action to reach each accrual is unnecessary. Indeed, the entire trust income may be taken if necessary and if the beneficiary has other adequate income for his support, with leave to apply at the foot of the judgment for modification in the event of changed circumstances. Under section 68 an entire debt may be satisfied out of surplus, and need for support is the sole limit without regard to any percentage limitation irrespective of such need. (Heppenstall v. Baudouine, 73 Misc. 118.) Even attachment by garnishee execution is not an election by a creditor who may nevertheless proceed under section 98. (Cregg v. Brown, 35 N. Y. S. 2d 646, affd. 264 App. Div. 824.)
The right of the beneficiary to enforce performance of the trust (Personal Property Law, § 15), may not be defeated or transferred by assignment or otherwise. The creditor has that right of enforcement. The word “ otherwise ” employed in section 15 means in a different manner or any other way. (Matter of Perry, 126 Misc. 616.) Income which has accrued, and whose payment is enforcible by the beneficiary, does not lose its identity as income by virtue of the fact that he has consented to advance such income to the principal account which has been subjected to a lien in favor of the income account. While the use of income for rehabilitation of an estate is not a violation of section 15, yet such a rule benefits the parties in interest in the estate among themselves and cannot defeat the rights of creditors. Indeed, the use of the income was here approved by the Surrogate, but not without protection of the income account. The debt owing to the income account and the lien in its favor attaching to the principal account is for the benefit of the defendant husband as the income beneficiary and he may not so use that benefit as to remove it from the reach of creditors. The decree embodying the lien continues it in force until the debt is paid and does not deprive the beneficiary of the right of its enforcement to secure payment. The creditor has that right. The defenses will now be considered in the light of these observations.
The first complete defense to the first cause of action contained in the answer of the defendant husband alleges that the advances from the income account to the principal account were made by the trustees as an emergency measure to preserve the *553 trust estate from destruction and for protection of the life beneficiaries and contingent remaindermen, and were approved and recognized by the Surrogate up to the last accounting as necessary. This is quite true but ineffective as the statement of a legal defense. The protection of the life beneficiary is what the life beneficiary has available for creditors and in equity is liable to their claims. The propriety of the action taken in the estate is not questioned or relevant. The right of the beneficiary to be paid is alone involved and in no way defeasible by this defense.
The second complete defense urges the Surrogate’s Court has taken jurisdiction and approved earlier accountings and thus this court should not take jurisdiction. On the contrary full relief is obtainable here alone.
The third complete defense alleges sanction of the acts of the trustees by the Surrogate for the preservation of the estate, and no provision has been made for time of payment of the debt, that payment would destroy the estate, and that the balance due does not represent surplus. As already observed the debt is always due and payable even though as among the parties in interest in the estate it may be a matter of policy. The matters here pleaded do not constitute a defense. Whether and to what extent there is a surplus is not a matter concerning which the right to maintain and recover in this action depends.
The fourth complete defense alleges the complaint does not support a demand for relief which will destroy the trust. The action is undoubtedly well stated. The matters averred in his defense relate merely to the molding of the decree so as to do equity. The right of enforcement in the life beneficiary may not be used to benefit others to the detriment of his creditors.
The fifth complete defense alleges plaintiff is not a party interested in the estate, may not bring this suit and the court is without jurisdiction. Moreover, there is no allegation of existence of surplus and defendants are opposed to a sale of the assets. It is obvious that surplus exists as to past income and surplus as to future income may be determined. The matters otherwise contained in this defense are untenable as a claimed bar to recovery.
The sixth complete defense alleges that the separation agreement was the result of fraud and coercion, was improvident, or that circumstances have changed, and that the agreement should be reformed. Thus plaintiff ought not in equity to have relief. This collateral attack is wholly untenable apart from the fact the judgments in suit are upon the agreement.
*554 The seventh complete defense states that plaintiff has failed to state a cause of action which would require the sale of assets destroying the estate and the interests therein and would nullify the trust. It need only be said that it was the interest of the life beneficiary which preserved the interest of the remainder-men, and the interest of the life beneficiary is liable to the claims of creditors.
The eighth, ninth, tenth, eleventh, twelfth, thirteenth and fourteenth partial defenses likewise state conclusions with respect to the relief sought and plaintiff’s failure to allege a cause of action in support of such relief. The conclusions are ineffective as defenses and they are insufficient.
The defenses alleged to the second cause of action are likewise insufficient and set forth no new matter which would in any view defeat the action. The defenses contained in the answer of the defendant trustees are substantially similar and are likewise vulnerable.
There remains the application for judgment. There are no denials capable of raising an issue for trial and determinative of the action. The plaintiff upon the pleadings and agreements is entitled to at least some of the relief sought to the end that surplus be reached for payment of judgments and for plaintiff’s support. Plaintiff asks for judgment either final or interlocutory, in whole or in part. There is no need here for the appointment of a receiver or for an injunction, and in the exercise of discretion such relief is not granted. Nor is there need here for a formal accounting by the defendants from the last date embraced in the last accounting which was settled and approved in the Surrogate’s Court. Upon the hearings which will be directed there will be adequate discovery of the present status of the principal and income accounts and of the income undistributed, to be distributed and to accrue, so as to determine the precise amount of surplus allocable to the judgments and to plaintiff’s support in order to implement the judgment and its directions. The issues thus remaining to be determined have to do only with fixing the amount of surplus and of surplus income, and the molding of the final decree, all of which are incidents of the relief but not of the right of recovery. All such issues are referred to Robert J. Fitzsimmons, Esq., of No. 654 Madison Avenue, New York, N. Y., to hear and report. The motion is granted accordingly.
Settle interlocutory decree.