S. Samuel Di Falco, S.
In this proceeding to settle the trustee’s account objections have been filed by remaindermen and by the assignees of said remaindermen with respect to an alleged unauthorized invasion of the trust principal allegedly made by the trustee on behalf of the life beneficiary. The facts briefly stated are these. The testator by his will created a trust for his wife with directions that the income of such trust be paid over to his wife during her lifetime or until she should remarry. There is no power or authority contained in the will permitting an invasion of the trust principal. The substitute trustee who now files this account came into possession of the trust fund in October of 1938. In 1947 it is alleged that there had been an invasion of the principal of the trust by the substitute trustee to the extent of approximately $4,000 for the benefit of the life *197 beneficiary. As a result and apparently upon the prompting of the surety company or his bond the substitute trustee obtained certain writings from the three remaindermen which read as follows:
(‘ I have received a copy of your accounting showing that the income account is overdrawn in excess of $4,000. As a remainderman of my father’s estate I herewith consent to the application of the principal balance of the estate for the purpose of taking care of any income overdraft existing at the time of my mother’s death.
‘ ‘ I am executing this letter in duplicate as I understand that the bonding company has requested you to file a copy with them. ’ ’
In this accounting the substitute trustee shows that there is now a total principal on hand in the sum of $4,668. During the period accounted for there were receipts of income of $12,897 and payments allegedly made to the beneficiary of the trust of $27,425. It would thus appear according to the account filed by him that the substitute trustee paid out approximately $14,500 more in income than he received. The substitute trustee now claims that the letters received by him from the remainder-men as aforesaid constituted authority to him to invade the principal of the trust for the benefit of the life beneficiary and serve as a release of him for the amount of such invasion. It is to be noted that in 1953 and thereafter the assignees of the remaindermen, in answer to inquiries as to the nature and size of the trust principal, received letters from the substitute trustee in which he listed the securities held in the trust and alleged that they had a value in excess of $14,000.
The law on this question is well settled. Neither the trustee nor the remaindermen acting alone or in concert could do or perform any act which would serve to destroy the trust. (Matter of Wentworth, 230 N. Y. 176; Matter of Renn, 177 Misc. 195; Matter of Sullard, 247 App. Div. 761.) The attempt by the trustee to validate his unlawful invasion of the trust principal constituted an effort on his part to circumvent the provisions of section 15 of the Personal Property Law. It has been clearly held that the intention of the testator when not unlawful must be implicitly obeyed (Metcalfe v. Union Trust Co., 181 N. Y. 39). In Matter of Wentworth (supra, p. 185) the Court of Appeals in referring to section 15 of the Personal Property Law stated: “The purpose of the statute as has been stated over and over again was to permit a testator thus to make secure provision for the support and maintenance of an improvident person for life and to place it beyond the reach *198 of such person or his creditors to defeat the purposes of the trust by alienating and squandering the principal.” The fact that the remaindermen expressly consented to the invasion in no way aids the trustee nor does it estop the said remainder-men from now asserting their rights under the testator’s will. It is well established that in cases such as these the principal of estoppel cannot be employed as a means of accomplishing the violation of the statute. (Douglas v. Cruger, 80 N. Y. 15.)
The court, therefore, holds that the trustee by his invasion of the trust principal expressly violated section 15 of the Personal Property Law and is liable in. this account for all sums improperly applied out of the principal of the trust towards the support of the trust beneficiary.
Counsel will be notified of the date of hearing to be held for disposal of the remaining objections to the account.